NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMARDEEP SINGH PALAHA, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-72752 <br><br> Agency No. A089-299-994 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 17, 2016
San Francisco, California

Before: GRABER, BERZON, and MURGUIA, Circuit Judges.

Amardeep Singh Palaha, a native and citizen of India, petitions for review of

an order of the Board of Immigration Appeals ("BIA") that denied his appeal from

a decision of an immigration judge ("IJ") that denied his claims for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT")

based on the determination that Palaha was not credible and therefore ineligible for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

his requested relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. We review an adverse credibility determination for substantial evidence. *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). "[W]e must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence . . . ." *Id.* at 1088. An IJ is permitted to consider the "totality of the circumstances[] and all relevant factors" when making an adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii). Here, the IJ and BIA determined that Palaha was not credible based on what the IJ and BIA considered to be several substantial and material inconsistencies and omissions between Palaha's declarations and his testimony. Substantial evidence supports at least two of these grounds. First, Palaha's initial declaration stated that, during his first arrest, he was taken to the Division Four police station, while Palaha's parents' initial declarations stated that he was kept at the "C.I.A. station." Palaha's supplemental declaration and testimony resolved this inconsistency by saying that he was moved from the Division Four station to the C.I.A. station. This alteration provides substantial evidence for the adverse credibility determination. *See Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir. 2011) (holding that material alterations in a

petitioner's declaration can provide substantial evidence for an adverse credibility determination). Second, Palaha initially omitted any reference to seeking medical treatment for his injuries after his second arrest, but Palaha later provided a letter from a clinic saying that he received emergency medical treatment. This supplemental testimony created a more compelling story of persecution and provides substantial evidence for the adverse credibility determination. *See id.* at 974; *see also Jiang v. Holder*, 754 F.3d 733, 738–40 (9th Cir. 2014) (holding that the record did not compel the conclusion that a petitioner was credible where she failed to testify at her merits hearing about critical facts involving her physical abuse in jail). Because the record does not compel the conclusion that Palaha is credible, *Khadka v. Holder*, 618 F.3d 996, 1000 (9th Cir. 2010), we deny the petition to review the adverse credibility determination.

2. To establish eligibility for relief under the CAT, a petitioner must show that it is more likely than not he will be tortured if he returns to his country of removal. 8 C.F.R. § 1208.16(c)(2). Where a petitioner's testimony of past torture is not credible, the Board's denial of CAT relief is supported by substantial evidence unless the petitioner's documentary evidence compels the conclusion that the petitioner would likely be tortured in his country of return. *Go v. Holder*, 640

3

F.3d 1047, 1053 (9th Cir. 2011). Here, Palaha submitted country reports showing that police abuse is common in India. However, Palaha's reports also indicate that members of his political party are not targeted by the police based on their political opinion, unless they are otherwise suspected of terrorism. Because Palaha's documentary evidence does not compel the conclusion that he would be tortured in India, substantial evidence supports the denial of CAT relief. *See id.* at 1053–54.

**PETITION FOR REVIEW DENIED.**